[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 21, 2011
JOHN LEY
CLERK

No. 10-14748
Non-Argument Calendar
_____

Agency No. A097-627-717

GONZALO A. ACUNA VARGAS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 21, 2011)

Before EDMONDSON, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Gonzalo Acuna-Vargas appeals from the Board of Immigration Appeals'

order denying his motion to reopen its earlier order denying him derivative

benefits on his father's application for withholding of removal under the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3), and withholding of removal under the United Nations Convention Against Torture, 8 C.F.R. § 208.16(c).[1]

Acuna-Vargas contends that the BIA erred in denying his motion to reopen. He filed that motion jointly with his parents, who became eligible for adjustment of status during the course of these proceedings. The motion asked the BIA to reopen the case and remand it to the IJ so that Acuna-Vargas' parents could pursue their applications for adjustment of status and so that he could file his own independent application for asylum and withholding of removal.

The BIA issued two decisions on the motion to reopen. One decision granted the motion with respect to Acuna-Vargas' parents; the other denied it with respect to him. In the decision denying the motion, the BIA observed that a party seeking to reopen proceedings bears a "heavy burden" to establish a prima facie case of eligibility by submitting affidavits or other evidence that is material and

---

[1] In this same decision denying the motion to reopen, the BIA also denied Acuna-Vargas' motion to reconsider. Acuna-Vargas has not offered any argument on whether the BIA erred in denying the motion to reconsider. As a result, he has abandoned that issue on appeal. See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1256 n.6 (11th Cir. 2006) (holding that petitioners had abandoned the issue of whether the IJ should have granted them either asylum or withholding of removal based on membership in a social group by failing to argue that issue on appeal).

was not available or could not have been discovered or presented at the former hearing.

The BIA determined that Acuna-Vargas had not met that standard, pointing out that Acuna-Vargas was instead seeking reopening "due to his changed personal circumstances, i.e., his parents' eligibility for adjustment of status, so that he can present an independent application for asylum." With respect to the evidence he submitted with the motion, the Board concluded that none of it had been "unavailable at the time of the hearing below" or established his prima facie eligibility for relief.

The authority for motions to reopen immigration proceedings "derives solely from regulations promulgated by the Attorney General." I.N.S. v. Doherty, 502 U.S. 314, 322, 112 S.Ct. 719, 724 (1992). Under 8 C.F.R. § 1003.2(c), a "motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c). We "employ a very deferential abuse of discretion standard in reviewing the BIA's decision on a motion to reopen regardless of the underlying basis of the alien's request for relief." Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001) (quotation marks omitted). "There are at least three independent grounds upon

which the Board may deny a motion to reopen: 1) failure to establish a prima facie case; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion." Id. (citing Doherty, 502 U.S. at 323, 112 S.Ct. at 725).

The BIA did not abuse its discretion in denying Acuna-Vargas' motion to reopen because (1) he failed to establish a prima facie case that he is eligible for the requested relief, as the BIA had already denied his father's application for withholding of removal and CAT relief based on the same proffered evidence, and (2) he failed to present any evidence that was material and previously unavailable.

**PETITION DENIED.**